UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE BRIANN MICHELLE CLARK,

                        Debtor.

_____ /

BRIANN MICHELLE CLARK,

                     Appellant.

_____ /

Case Number 13-10762
Bankr. Number 12-65044
Honorable David M. Lawson

**<u>OPINION</u>**

Debtor Briann Clark appeals the orders of the bankruptcy court dismissing her Chapter 13 petition for failure to pay the filing fee, denying her motion to pay the filing fee in installments, and denying her motion for reconsideration. Clark previously had filed four bankruptcy actions, three of which were dismissed for failure to pay filing fee, file required documents, or attend required hearings. Unconvinced that Clark would do any better this time, the bankruptcy court ruled that Clark was not entitled to the discretionary accommodations allowed by the statute. For the reasons explained below, the orders of the bankruptcy court are affirmed.

I.

The debtor filed her Chapter 13 petition *pro se* on November 13, 2012 together with an application to pay the filing fee in installments. That was Clark's fifth bankruptcy filing. Three of Clark's previously filings were dismissed for failure to pay any of her filing fees, file required documents, or attend required hearings. *In re Clark*, 12-58020, at 1 (Bankr. E.D. Mich. Oct. 10, 2012) (dismissed for failing to attend first meeting of creditors); *In re Clark*, 12-48423, at 1 (Bankr. E.D. Mich. June 15, 2012) (dismissed for failing to furnish certain tax documents); *In re Clark*, 09-54048, at 1 (Bankr. E.D. Mich. May 22, 2009) (dismissed for failure to attend hearing and

ineligibility for discharge). In this case, the bankruptcy court denied the installment payment request and gave Clark until December 18, 2012 to pay the filing fee.

Clark did not pay the filing fee by the deadline, but on December 19, 2012, she filed a motion to modify the payment date. The court denied the motion the next day, reasoning that because Clark filed multiple bankruptcy cases and failed to prosecute any of them properly, no good cause existed to grant her relief. The court then dismissed the Chapter 13 petition because the filing fee was not paid.

Clark filed a motion for reconsideration on December 26, 2012, explaining that she was bedridden with a high-risk pregnancy, she had no income while she was on maternity leave, and her medical disability payments were late. Although the court was "very sympathetic to [Clark]'s personal circumstances," it denied the motion for reconsideration because Clark failed to explain why she failed to prosecute properly her previous four bankruptcy cases.

Clark filed the present appeal challenging the dismissal order and the other adverse orders. The trustee has not filed a response.

## II.

A dismissal of a bankruptcy case "for cause" is reviewed for abuse of discretion. *In re Lee*, 467 B.R. 906, 911 (B.A.P. 6th Cir. 2012). A decision to deny a motion for reconsideration is reviewed under the same standard. *In re Hogan*, 79 F. App'x 846, 848 (6th Cir. 2003). "'An abuse of discretion occurs only when the court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Lee*, 467 B.R. at 911 (citing *Kaye v. Agripool (In re Murray, Inc.)*, 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008)).

-2-

The bankruptcy court dismissed the case because the filing fee was not paid.  A party's failure to pay the filing fee is grounds for dismissal of the action.  *See* 28 U.S.C. § 1930(a) ("The part[y] commencing a case under title 11 *shall* pay to the clerk of the district court . . . filing fees . . . ." (emphasis added)); *see also* 11 U.S.C.A. § 1307(c)(2) (allowing dismissal of a bankruptcy case upon request of the trustee or party in interest for failure to pay fees); *In re Cameron*, 13-10115, 2013 WL 1686300, at *5 (D. Mass.  Apr. 18, 2013); *In re Waller*, 05-50788, 2005 WL 2205821 (Bankr. M.D. Ga. Mar. 29, 2005).  There was no error in entering the order of dismissal.

The statute allows a filer to pay the fee in installments.  28 U.S.C. § 1930(a) ("An individual commencing a voluntary case or a joint case under title 11 may pay such fee in installments.").  That privilege may be granted only by leave of court.  Fed. R. Bankr. P. 1006(b)(2) (stating that "the court may order the filing fee paid to the clerk or grant leave to pay in installments . . .").  The decision whether to allow installment payments is based on the totality of the circumstances.  *In re Baunchand*, No. 07–38452–H3–13, 2008 WL 318654, at *2 (Bankr. S.D. Tex. Feb. 1, 2008) (observing that "courts considering whether a debtor is able to pay a filing fee in installments have considered the totality of the circumstances" (citing *In re Spisak*, 361 B.R. 408 (Bankr. D. Vt. 2007); *In re Machia*, 360 B.R. 416 (Bankr. D. Vt. 2007))).  Among those circumstances are the debtor's filing history.  For instance, in *In re Waller*, No. 05–50788–JDW, 2005 WL 2205821 (Bankr. M.D. Ga. Mar. 29, 2005), the court held that a debtor should not be allowed to pay a filing fee in installments where the debtor had failed to pay the filing fee in full in a previous case.

In this case, the bankruptcy court made that same finding (failure to pay filing fees in previous cases), coupled with the debtor's additional failures to abide by the Federal Rules of Bankruptcy Procedure and other court orders in three of her four previous cases.  Clark's history of

failed bankruptcy proceedings, including prior failures to pay filing fees, justified the bankruptcy court's reticence to allow installment payments in this case. There was no abuse of discretion in the denial of the application for installment payments.

Nor did the court abuse its discretion when it denied the motion for reconsideration. A party moving for reconsideration must "demonstrate a palpable defect by which the court and the parties have been misled . . . [and] show that a different disposition of the case must result from a correction thereof." Bankr. E.D. Mich. R. 9024-1(a)(3). "[A] motion for reconsideration that merely presents the same issues ruled upon by the court . . . will not be granted." *Ibid.* Establishing a palpable defect in a bankruptcy proceeding requires "a showing of (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a need to prevent manifest injustice." *In re Collins & Aikman Corp.*, 417 B.R. 449, 454 (E.D. Mich. 2009); *see also Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 615 (6th Cir. 2010) (stating that a motion to reconsider should only be granted upon a showing of such factors).

Clark did not make the required showing to the bankruptcy court. She argues in her brief that the explanation of her personal circumstances constitutes "an explanation for intervening change." She referred to the delay of her medical disability payments, her pregnancy, and the reasons why her previous bankruptcy filings were dismissed. But the "intervening change" required by the rule is a change in the governing law, which has not been shown. Moreover, the bankruptcy court was well aware of the debtor's history when it dismissed the case initially. The bankruptcy court did not misapply the law in denying Clark's motion for reconsideration. Clark presented no newly discovered evidence. And there was no manifest injustice resulting from the dismissal of the petition. Clark has failed to show a palpable defect or that a different disposition would result from

-4-

a correction, since the issues she raised in her motion for reconsideration had nothing to do with the court's reasons for dismissing her case.

III.

The bankruptcy court did not abuse its discretion in denying the application for installment payments, dismissing the case, and denying the motion for reconsideration.

Accordingly, it is **ORDERED** that the orders of the bankruptcy court are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 24, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2013.

s/Shawntel Jackson
SHAWNTEL JACKSON